**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | ) Chapter 15 |
| | ) |
| Afren plc, | ) Case No. 15-11452 (KG) |
| | ) |
| Debtor in a Foreign Proceeding. | ) |
| | ) |

**MOTION PURSUANT TO RULES 2002(m) AND (q) AND 9007**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**FOR ORDER (I) SCHEDULING RECOGNITION HEARING**
**AND (II) SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE**

Anne Vallely (the "**Petitioner**"), duly appointed by a resolution dated June 5, 2015 (the "**Resolution of Appointment**") of the Board of Directors of Afren plc ("**Afren**," or the "**Debtor**"), a public limited company incorporated under the laws of England and declared as authorized to act by a June 30, 2015 order (the "**Convening Court Order**") of the Chancery Division (Companies Court) of the High Court of Justice of England and Wales (the "**UK Court**") as the foreign representative of a voluntary restructuring proceeding (the "**UK Proceeding**") concerning the Debtor currently pending before the UK Court, acting in such capacity and by and through her undersigned counsel, respectfully submits this motion (the "**Motion**") for entry of an order (i) scheduling a hearing on the relief sought in the Verified Petition for Recognition of Foreign Main Proceeding Supplementing "Voluntary Petition" [Docket No. 1] and Motion for Related Relief (together with the form of Voluntary Petition, the "**Petition**" [1]) [Docket No. 2], which is being filed contemporaneously herewith and (ii) specifying the form and manner of service of notice thereof.  In support of the Motion, the Petitioner respectfully represents as follows:

---

[1] Capitalized terms otherwise not defined herein shall have the meanings ascribed to them in the Petition.

## BACKGROUND

1.      On July 2, 2015, the Petitioner commenced this chapter 15 case (the "**Chapter 15 Case**") by filing the Petition.  Additional background regarding the Debtor and the basis for the commencement of this Chapter 15 Case is set forth in the Petition and the Declaration of Anne Valley Pursuant to 28 U.S.C. § 1746 [Docket No. 3].

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 and the Amended Standing Order of Reference, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (2)(P).  This case has been properly commenced in accordance with section 1504 of title 11, United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") by the filing of the Petition for recognition of the UK Proceeding under section 1515 of the Bankruptcy Code.  Venue is proper in this District pursuant to 28 U.S.C. § 1410.

## RELIEF REQUESTED

3.      By this Motion, the Petitioner seeks entry of an order, substantially in the form annexed hereto as **Exhibit "A,"** (i) setting July 31, 2015, or as soon thereafter as the Court's calendar permits, as the date (the "**Recognition Hearing Date**") for the hearing (the "**Recognition Hearing**") to consider the relief requested in the Petition, (ii) setting the fourth (4th) business day prior to the Recognition Hearing at 4:00 p.m. (Eastern Time) as the deadline by which any responses or objections to the Petition must be received (the "**Objection Deadline**"); (iii) approving the form of notice of the Recognition Hearing Date (the "**Notice**"), substantially in the form annexed hereto as **Exhibit "B"**; and (iv) approving the manner of service of the Notice as described herein.

2

## BASIS FOR RELIEF REQUESTED

4.     The statutory predicates for the relief requested herein are sections 105(a), 1514, and 1515 of the Bankruptcy Code and Rules 2002(m) and (q) and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

5.     <u>Scope, Form, and Manner of Notice</u>.  Bankruptcy Rule 2002(q)(1) provides that "the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under § 1519 of the [Bankruptcy] Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct" shall be given "at least 21 days' notice by mail of the hearing on the petition for recognition of a foreign proceeding." Fed. R. Bankr. P. 2002(q)(1).  Bankruptcy Rules 2002(m) and 9007, in turn, provide, inter alia, that when notice is to be given under the Bankruptcy Rules, the court may designate the form and manner in which such notice shall be given except as otherwise provided by the Bankruptcy Rules.  Fed. R. Bankr. P. 2002(m), 9007.

6.     In the instant case, the Petitioner does not seek any provisional relief under section 1519 of the Bankruptcy Code, and the Debtor is not a party to litigation in the United States. Accordingly, the Petitioner proposes to serve the Notice on the Debtor, the United States Trustee for the District of Delaware, the attorneys for the Existing Notes Trustee under the Existing Indentures, the attorneys for the Ad Hoc Committee, and the Information Agent (collectively, the "**Chapter 15 Notice Parties**") for distribution through the appropriate clearing systems to Scheme Creditors (i.e., the creditors whose interests are impaired by the Scheme proposed in the UK Proceeding).  The Petitioner submits that service of (i) the Notice and (ii) the Petition (together, the "**Notice Documents**"), by first-class mail, postage prepaid, upon the Chapter 15 Notice Parties in accordance with Bankruptcy Rule 2002(k) and (q) and the Local Rules of

3

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") no later than July 6, 2015, constitutes adequate and sufficient notice of the commencement of this Chapter 15 Case, the relief sought in the Petition, the time fixed for filing objections to the relief requested in the Petition, and the time, date, and place of the Recognition Hearing.

7.      Additionally, Bankruptcy Rule 2002(l) permits the court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement that notice." Fed. R. Bankr. P. 2002(l).  The Petitioner believes that supplementing the notice required by the Bankruptcy Rules by publishing the Notice in *The Wall Street Journal (National Edition)* no later than July 10, 2015, would ensure that sufficient notice of the commencement of this Chapter 15 Case, the time fixed for filing objections to the relief requested in the Petition, and the time, date, and place of the Recognition Hearing is provided to persons who might not otherwise receive notice.

8.      <u>Objection Deadline and Recognition Hearing Date</u>.  Bankruptcy Rule 1011(b) provides, inter alia, that objections to a petition for recognition of a foreign proceeding shall be filed and served within 21 days after service of the petition.  Fed. R. Bankr. P. 1011(b). Accordingly, the Petitioner submits that setting July 27, 2015 at 4:00 p.m. (Eastern Time) as the Objection Deadline and July 31, 2015 as the Recognition Hearing Date is appropriate.

9.      <u>Waiver of Section 1514(c)</u>.  Section 1514(c) of the Bankruptcy Code provides that when "notification of commencement of a case is to be given to foreign creditors, such notification shall," inter alia, "(1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim [and] indicate whether secured creditors need to file

4

proofs of claim." 11 U.S.C. § 1514(c).  It is unclear, however, whether this section applies in the context of an ancillary case under chapter 15.

10.    As explained in <u>Collier on Bankruptcy</u>, section 1514 is the "last in a series of sections dealing with the international aspects of cases under chapters *other than chapter 15* that began with section 1511."  8 <u>Collier on Bankruptcy</u>, ¶ 1514.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (emphasis added).  Because section 1514(c) does not appear to be applicable in this Chapter 15 Case (as the Petitioner has not sought to commence a case under any other chapter of the Bankruptcy Code), the Petitioner respectfully requests that the requirements contained therein be deemed inapplicable or waived.

**NOTICE**

11.    Notice of this Motion has been provided to (i) the Debtor, (ii) the Office of the United States Trustee for the District of Delaware, (iii) the attorneys for the Existing Notes Trustee, (iv) the attorneys for the Ad Hoc Committee, (v) the Information Agent for distribution to the Scheme Creditors, and (vi) all parties required to be given notice under Bankruptcy Rule 2002(q)(1) of which the Petitioner is aware.  The Petitioner submits that no other or further notice need be provided.

**NO PRIOR REQUEST**

12.    No previous request for the relief requested herein has been made to this or any other court.

5

WHEREFORE, the Petitioner respectfully requests that this Court enter an order granting (i) the relief requested herein and (ii) the Petitioner such other and further relief as the Court deems proper and just.

Dated:   Wilmington, Delaware
   July 2, 2015

FOX ROTHSCHILD LLP

By: /s/ L. John Bird
   Jeffrey M. Schlerf (DE No. 3047)
   L. John Bird (DE No. 5310)
   Citizens Bank Center
   919 North Market Street, Suite 300
   Wilmington, Delaware 19899-2323
   Telephone:  (302) 654-7444
   Email:  jschlerf@foxrothschild.com
   Email:  lbird@foxrothschild.com

   -and-

WHITE & CASE LLP

Richard Kebrdle
Richard A. Graham
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone:  (212) 819-8200
Email:  rkebrdle@whitecase.com
Email:  rgraham@whitecase.com

Attorneys for Anne Vallely as Petitioner and Foreign Representative