IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 15 |
| | ) | |
| Afren plc, | ) | Case No. 15-11452 (KG) |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | Objection Deadline: September 2, 2015 at 4:00 p.m. |
| | ) | Hearing Date: September 10, 2015 at 11:00 a.m. |

**FOREIGN REPRESENTATIVE'S NOTICE OF CHANGE IN
STATUS AND MOTION FOR ENTRY OF AN ORDER
DISMISSING AFREN PLC'S CHAPTER 15 CASE**

Anne Vallely (the "*Petitioner*"), duly appointed by a resolution dated June 5, 2015 of the Board of Directors of Afren plc ("*Afren*," or the "*Debtor*"), a public limited company incorporated under the laws of England and declared as authorized to act by a June 30, 2015 order of the Chancery Division (Companies Court) of the High Court of Justice of England and Wales as the foreign representative of a voluntary restructuring proceeding concerning the Debtor then pending before the UK Court, acting in such capacity and by and through her undersigned counsel, respectfully submits this notice of change in status ("*Notice*") and motion ("*Motion*") for entry of an order dismissing the Chapter 15 case of Afren plc styled *In re Afren plc*, Case No. 15-11452 (KG) (the "*Afren Chapter 15 Case*") and discharging the Petitioner of any duties in connection therewith. In support of this Motion, the Petitioner respectfully states as follows:

**BACKGROUND AND NOTICE OF CHANGE OF STATUS**

1. On July 2, 2015, the Petitioner commenced the Afren Chapter 15 Case by filing the Petition. Additional background regarding the Debtor and the basis for the commencement of the Afren Chapter 15 Case is set forth in the Petition and the Declaration of Anne Valley Pursuant to 28 U.S.C. § 1746 [Docket No. 3].

2. An order recognizing the foreign main proceeding described in the Petition and granting other requested relief has not been entered in the Afren Chapter 15 Case.

3. After the filing of the Petition, Afren completed an operational review, which led its management to expect materially lower near-term production from its assets as compared to the production level assumed in the restructuring plan announced on June 19, 2015.

4. The Debtor subsequently engaged in detailed discussions with all its stakeholders, including lending banks, bondholders and partners, to discuss the impact of the revised assumptions on its near-term cashflow, funding requirements and the resulting amendments in the terms of the restructuring which are required to deliver the revised business plan.

5. The Debtor's board believed that all the possible routes were explored during the course of this process, which was subject to a strict timetable, driven by Afren's short-term liquidity issues. The discussions failed to deliver support for a revised refinancing and restructuring proposal that would result in Afren being able to pay its debts as they fall due. As a result, the board took the steps to put Afren into insolvency administration pursuant to the laws of England and Wales, and management of the Debtor has been replaced by Simon Appell, Daniel Imison and Catherine Williamson as administrators (the "*Administrators*").

## JURISDICTION

6. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. § 1410. The statutory bases for the relief requested herein are sections 105 and 305 of the Bankruptcy Code.

**RELIEF REQUESTED**

7.      The Petitioner requests that the Court enter an order dismissing the Afren Chapter 15 Case without prejudice and discharging the Petitioner of any duties in connection therewith.

**BASIS FOR RELIEF**

8.      Bankruptcy Code section 305 provides in pertinent part:

> (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if-
>
> (1) the interests of creditors and the debtor would be better served by such dismissal or suspension…

11 U.S.C. § 305(a)(1).

9.      Section 105(a) of the Bankruptcy Cade provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

10.     The Debtor's United Kingdom proceedings in pursuit of a scheme of arrangement upon which the Afren Chapter 15 case was founded have effectively been replaced by an insolvency administration in connection with which the Administrators have been appointed, replacing Afren's management, including the Petitioner. Although inquiries have been made, the Administrators have not provided any direction concerning the Afren Chapter 15 Case.

11.     Additionally, these proceedings have not advanced in any meaningful way since the filing of the Petition. The hearing on the Petition was adjourned pending direction from the Administrators. The hearing has not been rescheduled. Nor have the Administrators of the United Kingdom insolvency proceedings expressed any intent to pursue recognition of the insolvency proceedings under chapter 15 of the Bankruptcy Code.

12. To the extent the Administrators of the United Kingdom insolvency proceedings determine to pursue recognition proceedings pursuant to chapter 15 of the Bankruptcy Code, a granting of this Motion will not prejudice their efforts in any capacity.

13. Based on the foregoing, the Debtors respectfully submit that relief requested herein is appropriate and should be authorized on the terms set forth in the order attached hereto.

## NOTICE

14. Notice of this Motion has been provided to (i) the Debtor, (ii) the Office of the United States Trustee for the District of Delaware, (iii) the attorneys for the Existing Notes Trustee, (iv) the attorneys for the Ad Hoc Committee, (v) the Information Agent for distribution to the Scheme Creditors, (vi) the Administrators and (vii) all parties required to be given notice under Bankruptcy Rule 2002(q)(1) of which the Petitioner is aware. The Petitioner submits that no other or further notice need be provided.

## NO PRIOR REQUEST

15. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Petitioner respectfully requests the entry of an order dismissing the Afren plc Chapter 15 Case without prejudice and granting such other and further relief as the Court deems appropriate.

| | |
|---|---|
| Dated:  Wilmington, Delaware<br>        August 19, 2015 | FOX ROTHSCHILD LLP<br><br>By: */s/ L. John Bird*<br>    Jeffrey M. Schlerf (DE No. 3047)<br>    L. John Bird (DE No. 5310)<br>    Citizens Bank Center<br>    919 North Market Street, Suite 300<br>    Wilmington, Delaware 19801<br>    Telephone:  (302) 654-7444<br>    Email:  jschlerf@foxrothschild.com<br>    Email:  lbird@foxrothschild.com<br><br>    -and-<br><br>    WHITE & CASE LLP<br>    Richard Kebrdle, Esq.<br>    Richard A. Graham, Esq.<br>    1155 Avenue of the Americas<br>    New York, New York 10036-2787<br>    Telephone:  (212) 819-8200<br>    Email:  rkebrdle@whitecase.com<br>    Email:  rgraham@whitecase.com<br><br>    Attorneys for Anne Vallely as Petitioner and<br>    Foreign Representative |